IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAIRD WAYNE HILL,

        Petitioner,

v.

JERI TAYLOR,

        Respondent.

Case No. 2:17-cv-00538-MO

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions from 2005. Because Petitioner did not file the action within the applicable one-year statute of limitations, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

On September 23, 2005, a jury convicted Petitioner in Marion County of four counts of Sexual Abuse in the First Degree, prompting the trial court to sentence him to 150 months in prison. Petitioner pursued a direct appeal that was ultimately unsuccessful, and his Appellate Judgment issued with an effective date of April 15, 2010. To comply with the one-year statute of limitations applicable to habeas corpus cases, Petitioner had until July 11, 2011 in which to file for federal habeas corpus relief.[1]

Petitioner believed he was the victim of ineffective assistance of counsel at his trial. However, instead of presenting his claims ineffective assistance of counsel in a post-conviction relief ("PCR") action in state court,[2] he

---

[1] A habeas corpus petitioner must generally file his federal challenge to his state convictions within one year of the time those convictions become final at the conclusion of his direct review. 28 U.S.C. § 2244(d)(1)(A). The Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations did not begin to run for another 90 days (July 13, 2010) because Petitioner was permitted to petition the U.S. Supreme Court for certiorari during this time. Lawrence v. Florida, 549 U.S. 327, 337 (2007). As a result, Petitioner had until July 11, 2011 in which to file for federal habeas corpus relief, or file a petition for post-conviction relief which would toll the AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(2).

[2] Oregon law requires that claims of ineffective assistance of trial counsel be raised in a PCR proceeding. Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012).

proceeded directly to federal court where he filed his Petition for Writ of Habeas Corpus in *Hill v. Coursey*, Case No. 1:11-cv-00426-PA, assigned to the Honorable Owen M. Panner. Petitioner signed his Petition on March 16, 2011 such that he complied with the AEDPA's one-year statute of limitations with 117 days to spare.

In his Second Amended Petition for Writ of Habeas Corpus in 1:11-cv-00426-PA, Petitioner raised four grounds for relief, two of which were claims of trial court error that were procedurally defaulted and ineligible for federal habeas corpus review.[3] In his two remaining grounds for relief, he raised claims of ineffective assistance of counsel that, by virtue of his bypassing the state PCR remedy, he had not fairly presented to Oregon's state courts. The ineffective assistance of counsel claims were not procedurally defaulted, however, because Petitioner still had time to file a PCR petition in state court.[4]

Judge Panner noted that the issue of potentially staying the action was not something the Court needed to raise *sue sponte* and, even if it was, neither *Rhines v. Weber*, 544 U.S. 269, 275 (2005) nor *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) could be

---

[3] A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[4] Oregon allows a convicted person two years from the conclusion of his direct appeal to file a PCR action. ORS 138.510(3).

3 - OPINION AND ORDER

properly applied. Judge Panner appeared to be primarily concerned that Petitioner, appearing to have no viable claims to present for federal habeas review at that time, might become time-barred from raising his claims of ineffective assistance of counsel in a state PCR proceeding because the two-year statute of limitations applicable to such cases was due to expire in less than 60 days. He therefore dismissed the habeas case without prejudice and without further leave to amend, and advised Petitioner that his best avenue for relief was a state PCR action. He reasoned that it was best to dismiss the action without prejudice and without further leave to amend because:

> . . . by giving petitioner the option of proceeding, it could be seen as suggesting to a *pro se* litigant that federal habeas corpus is a legitimate option for his direct appeal claims only for petitioner to later find out not only that it was not, but that by pursuing the habeas remedy he lost his only opportunity to ever receive a merits adjudication of his ineffective assistance of counsel claims in any court.

Order (#29), p. 6.

Following Judge Panner's February 21, 2012 dismissal, Petitioner timely filed a PCR action on April 6, 2012 wherein he litigated his claims against his trial attorney. The PCR court denied relief on Petitioner's claims, the Oregon Court of Appeals dismissed a subsequent appeal, and the Oregon Supreme Court denied review.

At the conclusion of his state PCR action, and more than four years after Judge Panner dismissed his federal case, on July 5, 2016, Petitioner filed what amounted to a Third Amended

Petition in the terminated case and a Motion seeking to reopen the case. Judge Panner appointed the Federal Public Defender to represent Petitioner, and counsel filed her own Motion for Reconsideration seeking to restart the earlier proceedings.

Following Judge Panner's retirement, the Clerk transferred 1:11-cv-00426-PA to me. On June 7, 2017, I concluded that the Motion for Reconsideration seeking to invalidate Judge Panner's Judgment was untimely. I further concluded that even if Petitioner had timely filed his Motion for Reconsideration, a stay would not have been proper in the case because: (1) there was no "good cause" to justify a *Rhines* stay; and (2) there was no authority requiring a *Kelly* stay in a case that involved only unpreserved claims. Petitioner appealed that decision, but the Ninth Circuit denied Petitioner's request for a certificate of appealability.

In the meantime, on March 29, 2017, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case, and the Court again appointed the Federal Public Defender's Office to represent him. With the assistance of counsel, Petitioner does not dispute that his Petition is untimely. He argues, however, that the Court should fashion an equitable remedy that renders the Petition in this case timely on the basis that Judge Panner should have stayed 1:11-cv-00426-PA pursuant to *Kelly*. In the alternative, he asks the Court to conclude that he is actually innocent of his underlying criminal conduct such that he can excuse his untimely filing.

///

## DISCUSSION

### I. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

A *Rhines* stay requires that a Petitioner show "good cause" justifying a stay, such as a petitioner's reasonable confusion about whether a state PCR proceeding will toll the federal habeas corpus period. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). A *Kelly* stay, on the other hand, does not require a showing of good cause. A *Kelly* stay authorizes:

> (1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and

> amend[] his federal petition to include the newly-exhausted claims.

*King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009). While a *Kelly* stay does not impose the "good cause" burden associated with a *Rhines* stay, it is not without risk as it leaves open the possibility that any claims to be re-added to a petition after exhaustion might not be timely filed. *Id* at 1140-41.

The operative pleading in 1:11-cv-00426-PA presented two procedurally defaulted claims of trial court error and two unexhausted claims of ineffective assistance of counsel. The claims of trial court error, while technically exhausted because there were no remaining state remedies available for them, were subject to immediate dismissal with prejudice because of the procedural default. Such a dismissal would have left Petitioner only with his two unexhausted claims of ineffective assistance of counsel. The *Kelly* procedure would have required Judge Panner to dismiss the unexhausted claims, leaving Petitioner without any claims at all. To the extent Petitioner believes the Court should have stayed his procedurally defaulted claims, falsely giving them the appearance of viability so as to allow him to escape his mistake of bypassing the clearly available state PCR process, this is not something that a *Kelly* stay requires.

Petitioner's fundamental issue is that he mistakenly bypassed his available state PCR option causing him to breach the AEDPA's statute of limitations during the pendency of his first habeas corpus action.[5] Petitioner's mistake or ignorance of the

---

[5] The pendency of a federal habeas corpus action does not toll the AEDPA's statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). As a result, at the time Judge Panner dismissed the habeas corpus case, the one-

7 - OPINION AND ORDER

law does not justify equitable tolling of the statute of limitations. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2008).

Even if Judge Panner had issued a *Kelly* stay in lieu of dismissing the case, Petitioner would have faced the same procedural bar he does now. Not only would the AEDPA's statute of limitations have passed by seven months at the time Judge Panner issued the *Kelly* stay and necessarily dismissed the unexhausted claims of ineffective assistance of counsel, but it would have continued to run during the years that Petitioner spent fairly presenting the unexhausted claims in his PCR proceedings. In such a circumstance, if Petitioner tried to add the new claims back into his stayed Petition, they would have been barred by the statute of limitations leaving him only with his procedurally defaulted claims of trial court error.

Although Petitioner claims that he may have been able to seek a stay at an earlier time had Judge Panner appointed counsel at the outset of the case, the Court already addressed that argument in response to Petitioner's fourth Motion for Reconsideration in 1:11-cv-00426-PA and concluded that it is without merit where there is no right to counsel in a habeas corpus case in the absence of an evidentiary hearing. *See* Order (#50). For all of these reasons, the Court declines to fashion an equitable remedy for the time-barred Petition.

///

---

year statute of limitations for filing another such action had already passed by approximately seven months.

## II. Actual Innocence

Petitioner also argues that the Court should excuse his untimely filing under the fundamental miscarriage of justice exception to procedural default. A petitioner who fails to comply with the AEDPA's one-year statute of limitations may overcome such a default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner's new evidence of innocence, when weighed against the evidence of guilt adduced at trial, does not lead to the conclusion that in light of the totality of the evidence, no reasonable juror would have voted to convict him. He therefore fails to pass through the gateway of actual innocence to excuse his untimely filing.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In addition, given the

9 - OPINION AND ORDER

repeated litigation of the issues presented in this case over the past several years (including five motions for reconsideration in 1:11-cv-00426-PA), the Court will not accept any motions for reconsideration in this case.

IT IS SO ORDERED.

DATED this \_\_11\_\_ day of December, 2019.

                                                   Michael W. Mosman
                                                   United States District Judge